1

2

3

4

5

6

7

8

9



10        UNITED STATES DISTRICT COURT

11     FOR THE CENTRAL DISTRICT OF CALIFORNIA

12          February 2010 Grand Jury

| | |
|---|---|
| 13 | JESUS MARQUEZ-MARQUEZ, | ) CR No. **CR 10** 00370 |

JESUS MARQUEZ-MARQUEZ,
    aka "Don Chuy,"
    aka "Chuchin,"
ADAN LNU,
DAVID JIMENEZ-PEDROZA,
    aka "Oscar Manuel
        Guerrero,"
JOSE ALFREDO JIMENEZ-
    PEDROZA,
    aka "Joselito,"
SERGIO ENRIQUE BELTRAN
    GUERRERO,
    aka "Kique,"
ISAIAS SERRANO,
    aka "Chaias,"
FNU LNU,
    aka "Ponchin,"
FNU LNU,
    aka "Manolo,"
DAVID SILVA BENAVIDES,
    aka "Prieto,"
    aka "El Negro,"
MARTIN GARCIA ANGULO,
    aka "King Midas,"
JOSE ASCENCION GARCIA,
    aka "Jose G. Aispuro,"
    aka "Chon,"

CR No. **CR 10** 00370

I N D I C T M E N T

[21 U.S.C. §§ 846, 841(a)(1),
841(b)(1)(A): Conspiracy to
Possess With Intent to Distribute
Methamphetamine; 21 U.S.C.
§§ 841(a)(1), 841(b)(1)(A),
841(b)(1)(B): Possession With
Intent to Distribute
Methamphetamine; 21 U.S.C.
§ 856(a)(1): Maintaining a Drug-
Involved Premises; 18 U.S.C.
§ 1956(a)(2): Laundering of
Monetary Instruments; 18 U.S.C.
§ 922(g)(5): Possession of Firearm
by an Illegal Alien; 21 U.S.C.
§ 843(b): Use of a Communication
Facility in Committing a Felony
Drug Offense]

```
 1   LUIS JAVIER ROMERO-MAGANA,           )
            aka "Alejandro Perez          )
 2              Manzo,"                    )
            aka "Luis Javier Romero        )
 3              Magana,"                   )
            aka "Javier,"                  )
 4          aka "Antunes,"                 )
     ROGELIO ALCARES VALDES,              )
 5          aka "Margaro,"                 )
     HUMBERTO HUBERT P. BARRAZA,          )
 6          aka "Beto,"                    )
     SERGIO BELTRAN SARABIA,              )
 7          aka "El Senior,"               )
     URIEL VALDOVINOS GARCIA,             )
 8          aka "Chente,"                  )
     JUAN ALONSO AISPURO CHAGOYA,         )
 9   JOSE PACHECO DURAN,                  )
     SERGIO CHAVEZ PULIDO,               )
10          aka "Checo,"                   )
     JOSE LUIS MATA-GARCIA,              )
11   ILIANA FARIAS,                      )
     OCTAVIO FELIX GONZALEZ,             )
12          aka "Octavio Romero,"         )
     ANSELMA VEGA ROMERO,                )
13          aka "Ancelma Vega             )
                Romero,"                   )
14   JORGE VILLANUEVA,                   )
            aka "Jesus Verdusco-          )
15              Nunez,"                    )
            aka "Jorjon,"                  )
16   BASILIO MALDONADO,                  )
            aka "Chilo,"                   )
17   JAIRO ALEJANDRO RODELA,             )
     LIZETH CARPIO HERNANDEZ,            )
18   JOSE PULIDO SANCHEZ,                )
            aka "Jose Sanchez             )
19              Pulido,"                   )
            aka "Chespiro,"                )
20   ELIESER CEJA GALLEGOS,              )
     ERIKA CECILIA VALDOVINO,            )
21   JOSE LUIS NUNEZ,                    )
            aka "Joe," and,               )
22   JOANELLE MIRASOL DELA CRUZ,         )
            aka "Janelle,"                 )
23                                        )
                    Defendants.           )
24   _____
25
26
27
28   AS:as
```

1  The Grand Jury charges:

2                              COUNT ONE

3                [21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)]

4  A.    OBJECTS OF THE CONSPIRACY

5       Beginning on a date unknown and continuing to on or around

6  April 1, 2010, in Los Angeles, Riverside, and San Bernardino

7  Counties, within the Central District of California, and

8  elsewhere, defendants JESUS MARQUEZ-MARQUEZ, also known as

9  ("aka") "Don Chuy," aka "Chuchin" ("MARQUEZ"); ADAN LNU ("ADAN");

10 DAVID JIMENEZ-PEDROZA, aka "Oscar Manuel Guerrero" ("DAVID");

11 JOSE ALFREDO JIMENEZ-PEDROZA, aka "Jose Alfred Jimenez," aka

12 "Joselito" ("JOSELITO"); SERGIO ENRIQUE BELTRAN GUERRERO, aka

13 "Kique" ("BELTRAN"); ISAIAS SERRANO, aka "Chaias" ("ISAIAS"); FNU

14 LNU, aka "Ponchin" ("PONCHIN"); FNU LNU, aka "Manolo" ("MANOLO");

15 DAVID SILVA BENAVIDES, aka "Prieto," aka "El Negro" ("PRIETO");

16 MARTIN GARCIA ANGULO, aka "Fernando Garcia," aka "King Midas"

17 ("MARTIN"); JOSE ASCENCION GARCIA, aka "Jose G. Aispuro," aka

18 "Chon" ("CHON"); LUIS JAVIER ROMERO-MAGANA, aka "Alejandro Perez

19 Manzo," aka "Javier," aka "Antunes" ("JAVIER"); ROGELIO ALCARES-

20 VALDES, aka "Margaro" ("MARGARO"); HUMBERTO HUBERT P. BARRAZA,

21 aka "Beto" ("BARRAZA"); SERGIO BELTRAN SARABIA, aka "El Senior"

22 ("SARABIA"); URIEL VALDOVINOS GARCIA, aka "Chente" ("CHENTE");

23 JUAN ALONSO AISPURO CHAGOYA ("ALONSO"); JOSE PACHECO DURAN

24 ("PACHECO"); SERGIO CHAVEZ PULIDO, aka "Checo" ("CHECO"); JOSE

25 LUIS MATA-GARCIA ("MATA-GARCIA"); ILIANA FARIAS ("FARIAS");

26 OCTAVIO FELIX GONZALEZ, aka "Octavio Romero" ("FELIX"); ANSELMA

27 VEGA ROMERO, aka "Ancelma Vega Romero" ("ROMERO"); JORGE

28 VILLANUEVA, aka "Jesus Verdusco-Nunez," aka "Jorjon" ("JORJON");

                                    3

1  BASILIO MALDONADO, aka "Chilo" ("CHILO"); JAIRO ALEJANDRO RODELA
2  ("RODELA"); LIZETH CARPIO HERNANDEZ ("CARPIO"); JOSE PULIDO
3  SANCHEZ, aka "Jose Sanchez Pulido," aka "Chespiro" ("PULIDO");
4  ELIESER CEJA GALLEGOS ("GALLEGOS"); ERIKA CECILIA VALDOVINO
5  ("ERIKA"); JOSE LUIS NUNEZ, aka "Joe" ("NUNEZ"); and JOANELLE
6  MIRASOL DELA CRUZ, aka "Janelle" ("CRUZ"); and others known and
7  unknown to the Grand Jury, conspired and agreed with each other
8  to (1) knowingly and intentionally distribute at least 500 grams
9  of a mixture or substance containing a detectable amount of
10 methamphetamine, a schedule II controlled substance, in violation
11 of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); and (2) knowingly and
12 intentionally distribute at least 5 kilograms of a mixture or
13 substance containing a detectable amount of cocaine, a schedule
14 II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1)
15 and 841(b)(1)(A).

16 B.   MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE
17      ACCOMPLISHED

18      The objects of the conspiracy were to be accomplished in
19 substance as follows:

20      1.    Defendant ADAN in Mexico would supply methamphetamine
21 to defendant MARQUEZ and other members of the DON CHUY Drug
22 Trafficking Organization ("DTO").

23      2.    Defendants MARQUEZ, ISAIAS, PONCHIN, and MANOLO would
24 coordinate the transportation of methamphetamine over the Mexican
25 border into the United States.

26      3.    Defendants DAVID and JOSELITO would receive
27 methamphetamine on behalf of defendant MARQUEZ, and would store
28 it in stash houses in the Central District of California.

1      4.    Defendants BELTRAN, SARABIA, CARPIO, ALONSO, ROMERO,

2 and FELIX would transport methamphetamine into the United States

3 from Mexico.

4      5.    Defendants BELTRAN and SARABIA would transport cocaine

5 into the United States from Mexico.

6      6.    Defendants FARIAS, MATA-GARCIA, CHECO, and PACHECO

7 would transport methamphetamine within the United States.

8      7.    Defendants MARQUEZ, DAVID, JOSELITO, and NUNEZ would

9 sell methamphetamine and coordinate methamphetamine sales.

10      8.    Defendants BARRAZA, MARTIN, CHON, PRIETO, JORJON,

11 RODELA, CHILO, JAVIER, and CRUZ, and others, would purchase

12 methamphetamine and sell methamphetamine.

13      9.    Defendants DAVID and JOSELITO would collect and

14 coordinate the collection of narcotics proceeds from secondary

15 distributors and distribution cells, and would coordinate the

16 transportation of such narcotics proceeds to defendant MARQUEZ in

17 Mexico.

18      10.   Defendants CHECO, PULIDO, CHENTE, and GALLEGOS would

19 transport narcotics proceeds to Mexico.

20      11.   Defendant ERIKA would collect payment for

21 transportation of methamphetamine performed by PACHECO.

22 C.   OVERT ACTS

23      In furtherance of the conspiracy, and to accomplish the

24 objects of the conspiracy, on or about the dates listed below,

25 defendants and other co-conspirators known and unknown to the

26 Grand Jury committed various overt acts within the Central

27 District of California and elsewhere, including but not limited

28 to the following:

**August 10, 2009 Discussion of Drug Debt (defendants MARQUEZ and ADAN)**

1.    On August 10, 2009, using coded language in a telephone call, defendants MARQUEZ and ADAN discussed defendant MARQUEZ's payment of a narcotics debt that defendant MARQUEZ owed to defendant ADAN.

**August 10, 2009 Delivery of 6,650 Grams of Methamphetamine (defendants MARQUEZ, DAVID, and SARABIA)**

2.    On August 10, 2009, using coded language in a telephone call, defendant DAVID advised defendant MARQUEZ that defendant SARABIA had arrived with a load of methamphetamine.

3.    On August 10, 2009, using coded language in a telephone call, defendant DAVID told defendant MARQUEZ that defendant SARABIA delivered approximately 6,650 grams of methamphetamine.

**August 11, 2009 Planned Delivery of 3,185 Grams of Methamphetamine (defendants MARQUEZ, DAVID, BELTRAN, JOSELITO, FELIX, and ROMERO)**

4.    On August 10, 2009, using coded language in a telephone call, defendant MARQUEZ confirmed with defendant BELTRAN that defendant FELIX would deliver 3.5 kilograms of methamphetamine on August 11, 2009.

5.    On August 11, 2009, using coded language in a telephone call, defendant JOSELITO told defendant DAVID that defendant FELIX had not yet arrived with the methamphetamine, but that defendant JOSELITO was ready and waiting for defendant FELIX.

6.    On August 11, 2009, in Riverside County, defendant ROMERO and defendant FELIX possessed 3,185 grams of approximately 97.6 percent pure methamphetamine in a vehicle that defendant

1  ROMERO was driving and in which defendant FELIX was a passenger.

2      7.   On August 11, 2009, using coded language in a telephone

3  call, defendant DAVID told defendant MARQUEZ that defendant FELIX

4  was pulled over by law enforcement and that the vehicle he was

5  driving had been seized.

6  **August 19, 2009 Transportation of 10 Kilograms of Methamphetamine**

7  **(defendants MARQUEZ and ADAN)**

8      8.   On August 19, 2009, using coded language in a telephone

9  call, defendant MARQUEZ agreed to transport 10 kilograms of

10  methamphetamine from Mexico into the United States for defendant

11  ADAN.

12      9.   On August 19, 2009, using coded language in a telephone

13  call, defendant MARQUEZ explained to defendant ADAN that the

14  price to transport methamphetamine into the United States for

15  defendant ADAN had increased from $1,000 per kilogram of

16  methamphetamine to $1,400 per kilogram.

17  **August 31, 2009 Delivery of 7 Kilograms of Methamphetamine**

18  **(defendants MARQUEZ, DAVID, and SARABIA)**

19      10.  On August 30, 2009, using coded language in a telephone

20  call, defendant MARQUEZ discussed with defendant PONCHIN whether,

21  due to limited space in the narcotics load vehicle, defendant

22  SARABIA should transport from Mexico to the United States seven

23  kilograms of methamphetamine belonging to defendant PONCHIN or

24  should transport three kilograms of methamphetamine belonging to

25  PONCHIN and four kilograms of methamphetamine belonging to

26  MARQUEZ.

27      11.  On August 30, 2009, using coded language in a telephone

28  call, defendant MARQUEZ coordinated with defendant SARABIA for

1   the transportation of methamphetamine the following morning by

2   defendant SARABIA.

3       12.   On August 31, 2009, using coded language in a telephone

4   call, defendant SARABIA advised defendant MARQUEZ that he would

5   be arriving at a stash location to deliver the methamphetamine by

6   noon.

7       13.   On August 31, 2009, using coded language in a telephone

8   call, defendant DAVID told defendant MARQUEZ that defendant

9   SARABIA had delivered the methamphetamine.   Defendant MARQUEZ

10  told defendant DAVID that four of the kilograms of the

11  methamphetamine belonged to defendant MARQUEZ and that the rest

12  of the kilograms belonged to defendant PONCHIN.

13  **Distribution of 2 Pounds of Methamphetamine in August 2009;**

14  **Planned Delivery of $443,190 on September 1, 2009 (defendants**

15  **MARQUEZ, DAVID, BARRAZA and PULIDO)**

16      14.   On August 12, 2009, using coded language in a telephone

17  call, defendant MARQUEZ quoted defendant BARRAZA a price of

18  $12,700 per pound of methamphetamine.   Defendant BARRAZA advised

19  defendant MARQUEZ that he, defendant BARRAZA, was ready to

20  conduct a transaction.

21      15.   On August 12, 2009, using coded language in a telephone

22  call, defendant MARQUEZ told defendant DAVID that defendant

23  BARRAZA wanted to pick up a pound of methamphetamine.

24      16.   On August 13, 2009, using coded language in a telephone

25  call, defendant DAVID asked an unindicted co-conspirator to

26  purchase the type of tape that defendant DAVID typically used to

27  package narcotics proceeds.

28      17.   On August 13, 2009, using coded language in a telephone

1  call, defendant DAVID told defendant MARQUEZ that defendant
2  BARRAZA picked up the methamphetamine.

3      18.   On August 23, 2009, using coded language in a telephone
4  call, defendant DAVID confirmed that defendant BARRAZA provided
5  defendant DAVID with payment for one pound of methamphetamine and
6  distributed another pound of methamphetamine.

7      19.   On August 30, 2009, using coded language in a telephone
8  call, defendant DAVID told defendant MARQUEZ that defendant
9  PULIDO had called and that defendant PULIDO needed the vehicle
10 for transporting narcotics and narcotics proceeds.

11     20.   On August 30, 2009, using coded language in a telephone
12 call, defendant MARQUEZ told defendant DAVID to mark the packages
13 of narcotics proceeds so that there would be no confusion
14 regarding the amount of narcotics proceeds being transported from
15 Riverside County, California, to defendant MARQUEZ in Mexico.

16     21.   On September 1, 2009, in San Diego County, California
17 defendant PULIDO began to drive $443,190 in narcotics proceeds
18 from Los Angeles County, California, to Mexico before being
19 stopped by California Highway Patrol.

20     22.   On September 1, 2009, using coded language in a
21 telephone call, defendant PULIDO told defendant MARQUEZ that
22 defendant PULIDO was stopped by the police and that his vehicle
23 was seized.

24 **Possession of 208 Grams of Methamphetamine on September 5, 2009**
25 **(defendants MARQUEZ and RODELA)**

26     23.   On September 5, 2009, in Kern County, California, an
27 unindicted co-conspirator possessed multiple baggies containing a
28 total of approximately 208.2 grams of methamphetamine, one of

1  which contained approximately 110.7 grams of methamphetamine that
2  was approximately 98.6 percent pure.

3       24.  On September 6, 2009, defendant RODELA admitted to an
4  FBI special agent that the methamphetamine seized from the
5  unindicted co-conspirator belonged to defendant RODELA.

6  **Collection of approximately $40,000 on September 8, 2009 and**
7  **Planned Delivery of 2,237 Grams of Methamphetamine on September**
8  **9, 2009 (defendants MARQUEZ, DAVID, JOSELITO, and CHILO)**

9       25.  On September 8, 2009, using coded language in a
10 telephone call, defendant DAVID told defendant MARQUEZ that
11 defendant CHILO provided defendant DAVID with approximately
12 $40,000 in narcotics proceeds.  Defendant DAVID and defendant
13 MARQUEZ also discussed the distribution of five pounds of
14 methamphetamine to CHILO.

15      26.  On September 8, 2009, using coded language in a
16 telephone call, defendant DAVID told defendant JOSELITO to
17 prepare to distribute five pounds of methamphetamine.

18      27.  On September 9, 2009, in Riverside County, defendant
19 CHILO possessed approximately 2,237 grams of approximately 98.8
20 percent pure methamphetamine in a vehicle that defendant CHILO
21 was driving and in which CHILO was the sole occupant.

22 **Partial Delivery of 16 Kilograms of Cocaine on September 18, 2009**
23 **(defendants BELTRAN and SARABIA)**

24      28.  On September 17, 2009, using coded language in a
25 telephone call, defendant BELTRAN told an unindicted
26 co-conspirator that defendant BELTRAN would use two narcotics
27 load vehicles to deliver 16 kilograms of cocaine to that
28 unindicted co-conspirator.

29.  On September 18, 2009, at the Calexico Port of Entry, defendant SARABIA possessed approximately 8,018 grams of cocaine in a vehicle that defendant SARABIA attempted to drive into the United States from Mexico.

30.  On September 18, 2009, using coded language in a telephone call, defendant BELTRAN told the unindicted co-conspirator that BELTRAN had arrived with cocaine.

31.  On September 18, 2009, using coded language in a telephone call, defendant BELTRAN told the unindicted co-conspirator that defendant BELTRAN had not heard from defendant SARABIA.  Defendant BELTRAN further advised the unindicted co-conspirator, using coded language, that he had been calling defendant SARABIA and was worried that defendant SARABIA was intercepted by law enforcement transporting the cocaine.

**Planned Distribution of 27.5 Grams of Methamphetamine on September 30, 2009 (defendants BARRAZA and CRUZ)**

32.  On September 30, 2009, using coded language in a telephone call, defendant BARRAZA agreed to distribute one ounce of methamphetamine to defendant CRUZ.

33.  On September 30, 2009, in San Bernardino County, BARRAZA possessed 27.5 grams of approximately 98.8 percent pure methamphetamine in a vehicle that defendant BARRAZA was driving and in which defendant BARRAZA was the sole occupant.

34.  On October 8, 2009, using coded language in a telephone call, defendants BARRAZA and MARQUEZ discussed defendant BARRAZA's arrest.

//

11

**Distribution of 3 Pounds of Methamphetamine on October 22, 2009 (MARQUEZ, DAVID and JOSELITO)**

35.   On October 22, 2009, using coded language in a telephone call, unindicted co-conspirator Julio told defendant MARQUEZ that unindicted co-conspirator Tocayo would like to pick up three pounds of methamphetamine from defendant MARQUEZ.

36.   On October 22, 2009, using coded language in a telephone call, defendant MARQUEZ advised defendant DAVID that unindicted co-conspirator Tocayo wanted three pounds of methamphetamine and told defendant DAVID to call unindicted co-conspirator Tocayo to coordinate the narcotics transaction.

37.   On October 22, 2009, using coded language in a telephone call, defendant DAVID told defendant JOSELITO that unindicted co-conspirator Tocayo needed three pounds of methamphetamine.

38.   On October 22, 2009, using coded language in a telephone call, defendant DAVID advised an unindicted co-conspirator that defendant JOSELITO would be arriving with money and narcotics at the residence.

39.   On October 22, 2009, using coded language in a telephone call, unindicted co-conspirator Tocayo advised defendant DAVID that unindicted co-conspirator Arbitro would receive the three pounds of methamphetamine.

**Planned Delivery of 11.14 Kilograms Methamphetamine on October 26, 2009 (defendants MARQUEZ, DAVID, JOSELITO, FARIAS, MATA-GARCIA, PRIETO and MARGARO)**

40.   On October 16, 2009, using coded language in a telephone call, defendant MARQUEZ advised unindicted

12

1 co-conspirator Fabian that he would coordinate with defendant

2 PRIETO for the delivery of methamphetamine to Washington State

3 for a price of $11,000 per pound of methamphetamine.

4    41.  On October 20, 2009, using coded language in a

5 telephone call, defendant MARQUEZ coordinated with defendant

6 PRIETO for the transportation of 25 pounds of methamphetamine to

7 Washington State by defendant PRIETO's brother-in-law, defendant

8 MATA-GARCIA.

9    42.  On October 23, 2009, using coded language in a

10 telephone call, defendant MARGARO told defendant MARQUEZ that

11 defendant MARGARO would like to purchase five pounds of

12 methamphetamine.

13    43.  On October 23, 2009, using coded language in a

14 telephone call, defendant MARQUEZ told defendant DAVID to

15 distribute five pounds of methamphetamine to defendant MARGARO.

16    44.  On October 25, 2009, using coded language in a

17 telephone call, defendant MARQUEZ told defendant DAVID that

18 defendant FARIAS would pick up the 25 pounds of methamphetamine

19 and take it to defendant MATA-GARCIA.

20    45.  On October 26, 2009, defendant JOSELITO met defendant

21 FARIAS and an unknown male at a gas station in Riverside County

22 and, from there, defendant JOSELITO and defendant FARIAS traveled

23 to a narcotics stash location located in Riverside, California.

24    46.  On October 26, 2009, defendant MATA-GARCIA met with

25 defendant FARIAS and an unknown male in Los Angeles County,

26 California, and took from inside defendant FARIAS's vehicle a box

27 that defendant MATA-GARCIA then placed into the cab of his

28 tractor trailer.

1      47.   On October 26, 2009, in Kern County, California,

2 defendant MATA-GARCIA possessed approximately 11.14 kilograms

3 grams of approximately 98.9 percent pure methamphetamine in a

4 tractor trailer that defendant MATA-GARCIA was driving and of

5 which defendant MATA-GARCIA was the sole occupant.

6 **Distribution of Five Pounds of Methamphetamine on November 7,**

7 **2009 (defendants MARQUEZ, DAVID, JOSELITO, CHON, and MARTIN)**

8      48.   On November 6, 2009, using coded language in a

9 telephone call, defendant MARTIN asked defendant CHON to see if

10 defendant MARQUEZ would provide defendant CHON with five pounds

11 of methamphetamine for defendant MARTIN.

12      49.   On November 6, 2009, using coded language in a

13 telephone call, defendant CHON advised defendant DAVID that he

14 wanted to pick up five pounds of methamphetamine for defendant

15 MARTIN.

16      50.   On November 6, 2009, using coded language in a

17 telephone call, defendant CHON advised defendant MARQUEZ that

18 they would pick up five pounds of methamphetamine the following

19 day.

20      51.   On November 7, 2009, using coded language in a

21 telephone call, defendant DAVID told defendant JOSELITO that

22 defendant CHON was on his way to pick up the five pounds of

23 methamphetamine for defendant MARTIN.

24      52.   On November 7, 2009, using coded language in a

25 telephone call, defendant CHON told defendant MARTIN that

26 defendant CHON had picked up the five pounds of methamphetamine

27 and advised that he was on his way to defendant MARTIN's

28 location.

1 <u>Possession and Attempted Delivery of 4,968 Grams of</u>

2 <u>Methamphetamine on November 11, 2009 (defendants MARQUEZ, DAVID,</u>

3 <u>JOSELITO, CHECO, JAVIER, JORJON, ISAIAS, and ALONSO)</u>

4       53.  On November 11, 2009, using coded language in a

5 telephone call, defendant DAVID advised defendant ALONSO that

6 defendant DAVID was ready to receive the methamphetamine load

7 that defendant ALONSO was transporting.

8       54.  On November 11, 2009, using coded language in a

9 telephone call, defendant DAVID told defendant CHECO to go to a

10 stash location and to call defendant JOSELITO for directions.

11      55.  On November 11, 2009, using coded language in a

12 telephone call, defendant JAVIER advised defendant ISAIAS that

13 defendant CHECO would call defendant JAVIER when defendant CHECO

14 reached Delano, California, and that defendant JAVIER would then

15 leave to meet defendant CHECO in Fresno, California.

16      56.  On November 11, 2009, using coded language in a

17 telephone call, defendant DAVID advised defendant MARQUEZ that

18 defendant CHECO was transporting 10 pounds of methamphetamine to

19 defendant JAVIER and that defendant ALONSO was returning to

20 Mexico after making the methamphetamine delivery at the Don Chuy

21 DTO stash location.

22      57.  On November 11, 2009, in Fresno County, California,

23 defendant CHECO possessed approximately 4,968 grams of

24 approximately 95.3 percent pure methamphetamine in a hidden

25 compartment of a vehicle that defendant CHECO was driving and in

26 which he was the sole occupant.  California Highway Patrol

27 subsequently seized the methamphetamine.

28      58.  On November 11, 2009, using coded language in a

1   telephone call, defendant DAVID told defendant JORJON that the

2   hidden compartment in the transportation vehicle that defendant

3   CHECO was driving was working fine and instructed defendant

4   JORJON to move any narcotics-related items from defendant CHECO's

5   residence, which is where defendant JORJON was staying.

6        59.  On November 20, 2009, using coded language in a

7   telephone call, defendant CHECO and defendant MARQUEZ discussed

8   defendant CHECO's arrest and the methamphetamine seizure.

9   **Possession and Discussion of 8,917 Grams of Methamphetamine on**

10  **December 2, 2009 (defendants MARQUEZ, CARPIO, and ALONSO)**

11       60.  On December 2, 2009, in Riverside County, defendants

12  CARPIO and ALONSO possessed approximately 8,917 grams of

13  methamphetamine in a vehicle driven by defendant CARPIO and also

14  occupied by defendant ALONSO.

15       61.  On December 8, 2009, using coded language in a

16  telephone call, defendant MARQUEZ discussed the traffic stop of

17  defendant CARPIO with unindicted co-conspirator Hugo.

18       62.  On December 12, 2009, using coded language in a

19  telephone call, defendant MARQUEZ discussed the traffic stop of

20  defendant CARPIO with unindicted co-conspirator Fabian.

21  **Agreement to Distribute Additional Methamphetamine and Discussion**

22  **Regarding $100,000 Narcotics Debt in December 2009 (defendants**

23  **MARQUEZ and RODELA)**

24       63.  On December 18, 2009, using coded language in a

25  telephone call, defendant MARQUEZ told defendant RODELA that

26  defendant RODELA and another co-conspirator owed defendant

27  MARQUEZ approximately $100,000 for the distribution of seven to

28  eight pounds of methamphetamine.

1    64.   On December 18, 2009, using coded language in a

2  telephone call, defendant RODELA asked to receive methamphetamine

3  even though he still owed a debt.

4  **Possession of $22,420 on December 31, 2009, Which was JORJON's**

5  **Payment Toward a Narcotics Debt (defendants JORJON, MANOLO and**

6  **NUNEZ)**

7    65.   On December 26, 2009, using coded language in a

8  telephone call, defendant JORJON told defendant MANOLO that he

9  would pay defendant MANOLO for a kilogram of methamphetamine and

10 partial proceeds for a pound of methamphetamine that had been

11 previously distributed to defendant JORJON by defendant MANOLO.

12   66.   On December 27, 2009, using coded language in a

13 telephone call, defendant NUNEZ confirmed that he would be

14 providing defendant JORJON with one kilogram of methamphetamine.

15   67.   On December 29, 2009, using coded language in a

16 telephone call, defendant MANOLO told defendant JORJON to turn

17 the narcotics proceeds over to defendant NUNEZ.

18   68.   On December 31, 2009, using coded language in a

19 telephone call, defendant JORJON advised defendant MANOLO that he

20 (defendant JORJON) was going to provide defendant NUNEZ with

21 approximately $23,300 for defendant MANOLO.

22   69.   On December 31, 2009, using coded language in a

23 telephone call, defendant NUNEZ and defendant JORJON coordinated

24 to meet in furtherance of the narcotics proceeds transaction.

25   70.   On December 31, 2009, NUNEZ possessed $22,420 in a

26 vehicle that defendant NUNEZ was driving and in which he was the

27 sole occupant.

28 //

**Discussion of Payments Made to Defendant ADAN by Defendant**
**MARQUEZ for Methamphetamine (defendants MARQUEZ and ADAN)**

71.   On January 19, 2010, defendant MARQUEZ and defendant ADAN reviewed recent payments that defendant MARQUEZ had made to defendant ADAN for methamphetamine.  Defendant MARQUEZ agreed to send defendant ADAN an additional $250,000.

**Delivery of 10 Kilograms of Methamphetamine on January 20, 2010;**
**Narcotics Transportation Payment of $11,500 on January 21, 2010**
**(defendants MARQUEZ, JOSELITO, PACHECO, and ERIKA)**

72.   On January 20, 2010, using coded language in a telephone call, defendant PACHECO told defendant JOSELITO that a methamphetamine delivery was going to be made to defendant JOSELITO.

73.   On January 20, 2010, using coded language in a telephone call, defendant JOSELITO advised defendant MARQUEZ that defendant PACHECO had delivered the methamphetamine and departed.

74.   On January 20, 2010, using coded language in a telephone call, defendant ERIKA advised defendant JOSELITO that she was to pick up the transportation costs on behalf of MARQUEZ.

75.   On January 20, 2010, using coded language in a telephone call, defendant MARQUEZ asked defendant JOSELITO to pick up the transportation costs for defendant ERIKA and advised that the transportation cost was $1,150 per kilogram of methamphetamine and that 10 kilograms of methamphetamine would be $11,500.

76.   On January 21, 2010, using coded language in a telephone call, defendant JOSELITO and defendant ERIKA coordinated to meet each other to conduct the narcotics proceeds

1  transaction.

2  **Collection of $28,000 on February 1, 2010; Possession of $65,810**

3  **on February 1, 2010; Delivery of methamphetamine on February 1,**

4  **2010 (defendants MARQUEZ, JOSELITO, GALLEGOS, and MARGARO)**

5       77.  On February 1, 2010, using coded language in a

6  telephone call, defendant JOSELITO told defendant MARQUEZ that

7  defendant MARGARO's runner delivered $28,000 in narcotics

8  proceeds that were owed by MARGARO.

9       78.  On February 1, 2010, using coded language in a

10 telephone call, defendant JOSELITO told defendant MARQUEZ that

11 defendant GALLEGOS was transporting 12 packages of narcotics

12 proceeds to defendant MARQUEZ.

13      79.  On February 1, 2010, defendant GALLEGOS possessed

14 $65,810 in narcotics proceeds in a vehicle that defendant

15 GALLEGOS was driving and in which he was the sole occupant.

16      80.  On February 1, 2010, using coded language in a

17 telephone call, defendant JOSELITO advised that defendant

18 GALLEGOS left the stash location approximately one hour ago.

19 **Possession of $39,800 on February 17, 2010 (defendant CHENTE)**

20      81.  On February 17, 2010, defendant CHENTE possessed

21 $39,800 in narcotics proceeds in a vehicle that defendant CHENTE

22 was driving and in which he was the sole occupant.

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COUNT TWO

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)]

On or about August 11, 2009, in Riverside County, within the Central District of California, defendants JESUS MARQUEZ-MARQUEZ, also known as ("aka") "Don Chuy," aka "Chuchin," DAVID JIMENEZ-PEDROZA, aka "Oscar Manuel Guerrero," SERGIO ENRIQUE BELTRAN GUERRERO, aka "Kique," JOSE ALFREDO JIMENEZ, aka "Jose Alfred Jimenez," aka "Joselito," OCTAVIO FELIX GONZALEZ, aka "Octavio Romero," and ANSELMA VEGA ROMERO, aka "Ancelma Vega Romero," knowingly and intentionally possessed with intent to distribute at least 500 grams, that is, approximately 3,185 grams, of a mixture or substance containing a detectable amount of methamphetamine, a schedule II controlled substance.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)]

On or about September 9, 2009, in Riverside County, within the Central District of California, defendants JESUS MARQUEZ-MARQUEZ, also known as ("aka") "Don Chuy," aka "Chuchin," DAVID JIMENEZ-PEDROZA, aka "Oscar Manuel Guerrero," JOSE ALFREDO JIMENEZ, aka "Jose Alfred Jimenez," aka "Joselito," and BASILIO MALDONADO, aka "Chilo," knowingly and intentionally possessed with intent to distribute at least 500 grams, that is, approximately 2,237 grams, of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

1

## COUNT FOUR

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)]

On or about September 30, 2009, in Riverside County, within the Central District of California, defendants HUMBERTO HUBERT P. BARRAZA, also known as ("aka") "Beto," and JOANELLE MIRASOL DELA CRUZ, aka "Janelle," knowingly and intentionally possessed with intent to distribute at least 5 grams, that is, approximately 27.5 grams, of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)]

On or about October 26, 2009, in Riverside County, within the Central District of California, defendants JESUS MARQUEZ-MARQUEZ, also known as ("aka") "Don Chuy," aka "Chuchin," DAVID JIMENEZ-PEDROZA, aka "Oscar Manuel Guerrero," JOSE ALFREDO JIMENEZ, aka "Jose Alfred Jimenez," aka "Joselito," ILIANA FARIAS, JOSE LUIS MATA-GARCIA, DAVID SILVA BENAVIDES, aka "Prieto," aka "El Negro" and MARGARO LNU knowingly and intentionally possessed with intent to distribute at least 500 grams, that is, approximately 11,140 grams, of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

1
2
3
4
5
6
7
8
9
10
11
12
13

COUNT SIX

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)]

On or about November 11, 2009, in Riverside County, within the Central District of California, defendants JESUS MARQUEZ-MARQUEZ, also known as ("aka") "Don Chuy," aka "Chuchin," DAVID JIMENEZ-PEDROZA, aka "Oscar Manuel Guerrero," JOSE ALFREDO JIMENEZ, aka "Jose Alfred Jimenez," aka "Joselito," ISAIAS SERRANO, aka "Chaias," SERGIO CHAVEZ PULIDO, aka "Checo," and LUIS JAVIER ROMERO-MAGANA, aka "Alejandro Perez Manzo," aka JAVIER, aka "Antunes," knowingly and intentionally possessed with intent to distribute at least 500 grams, that is, approximately 4,968 grams, of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

COUNT SEVEN

2

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)]

3   On or about December 2, 2009, in Riverside County, within

4 the Central District of California, defendants JESUS

5 MARQUEZ-MARQUEZ, also known as ("aka") "Don Chuy," aka "Chuchin,"

6 LIZETH CARPIO HERNANDEZ, and JUAN ALONSO AISPURO CHAGOYA

7 knowingly and intentionally possessed with intent to distribute

8 at least 500 grams, that is, approximately 8,917 grams, of a

9 mixture or substance containing a detectable amount of

10 methamphetamine, a Schedule II controlled substance.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

COUNT EIGHT

2

[21 U.S.C. § 856(a)(1)]

3       Beginning on a date unknown and continuing until at least
4  April 1, 2010, in Riverside County, within the Central District
5  of California, defendants JOSE ALFREDO JIMENEZ, also known as
6  ("aka") "Jose Alfred Jimenez," aka "Joselito," JUAN ALONSO
7  AISPURO CHAGOYA, ROGELIO ALCARES-VALDES, aka "Margaro," ERIKA
8  CECICILIA VALDOVINO, ILIANA FARIAS, JOSE LUIS MATA-GARCIA,
9  OCTAVIO FELIX GONZALEZ, aka "Octavio Romero," LIZETH CARPIO
10 HERNANDEZ, BASILIO MALDONADO, aka "Chilo," ANSELMA VEGA ROMERO,
11 aka Ancelma Vega Romero, and FNU LNU, aka "Ponchin," knowingly
12 leased, rented, used, and maintained a building, room, and
13 enclosure located at 5627 34th Street, Riverside, California, for
14 the purpose of unlawfully storing, distributing, and using
15 methamphetamine, a schedule II controlled substance.

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT NINE

[21 U.S.C. § 856(a)(1)]

Beginning on a date unknown and continuing until at least April 1, 2010, in San Bernardino County, within the Central District of California, defendants JOSE ALFREDO JIMENEZ, also known as ("aka") "Jose Alfred Jimenez," aka "Joselito," JUAN ALONSO AISPURO CHAGOYA, SERGIO CHAVEZ PULIDO, aka "Checo," and LIZETH CARPIO HERNANDEZ knowingly leased, rented, used, and maintained a building, room, and enclosure located at 1094 West 15th Street, San Bernardino, California, for the purpose of unlawfully storing, distributing, and using methamphetamine, a schedule II controlled substance.

COUNT TEN

[21 U.S.C. § 856(a)(1)]

Beginning on a date unknown and continuing until at least April 1, 2010, in Riverside County, within the Central District of California, defendants JOSE ALFREDO JIMENEZ, also known as ("aka") "Jose Alfred Jimenez," aka "Joselito," and JOSE PACHECO DURAN knowingly leased, rented, used, and maintained a building, room, and enclosure located at 10430 54th Street, Mira Loma, California, for the purpose of unlawfully storing, distributing, and using methamphetamine, a schedule II controlled substance.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT ELEVEN

[18 U.S.C. § 1956(a)(2)(B)(i)]

On or about September 1, 2009, in the Central District of California, defendants JESUS MARQUEZ-MARQUEZ, also known as ("aka") "Don Chuy," aka "Chuchin," DAVID JIMENEZ-PEDROZA, aka "Oscar Manuel Guerrero," and JOSE PULIDO SANCHEZ, aka "Jose Sanchez Pulido," aka "Chespiro," attempted to transport monetary instruments, that is approximately $443,930 in United States Currency, from a place in the United States, that is, Los Angeles County, to a place outside the United States, that is, Mexico, knowing that the monetary instruments involved in the transportation represented the proceeds of some form of unlawful activity and knowing that such transportation was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, that is, conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1).

1                            COUNT TWELVE

2                    [18 U.S.C. § 1956(a)(2)(B)(i)]

3        On or about December 31, 2009, in the Central District of

4   California, defendants JORGE VILLANUEVA, also known as ("aka")

5   "Jesus Verdusco-Nunez," aka "Jorjon," FNU LNU, aka "Manolo," and

6   JOSE LUIS NUNEZ, aka "Joe," attempted to transport monetary

7   instruments, that is approximately $22,420 in United States

8   Currency, from a place in the United States, that is, Los Angeles

9   County, to a place outside the United States, that is, Mexico,

10  knowing that the monetary instruments involved in the

11  transportation represented the proceeds of some form of unlawful

12  activity and knowing that such transportation was designed in

13  whole and in part to conceal and disguise the nature, location,

14  source, ownership, and control of the proceeds of specified

15  unlawful activity, that is, conspiracy to distribute

16  methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1).

17

18

19

20

21

22

23

24

25

26

27

28

COUNT THIRTEEN

[18 U.S.C. § 1956(a)(2)(B)(i)]

On or about February 1, 2010, in the Central District of California, defendants JESUS MARQUEZ-MARQUEZ, also known as ("aka") "Don Chuy," aka "Chuchin," JOSE ALFREDO JIMENEZ, aka "Jose Alfred Jimenez," aka "Joselito," and ELIESER CEJA GALLEGOS attempted to transport monetary instruments, that is approximately $65,810 in United States Currency, from a place in the United States, that is, Los Angeles County, to a place outside the United States, that is, Mexico, knowing that the monetary instruments involved in the transportation represented the proceeds of some form of unlawful activity and knowing that such transportation was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, that is, conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COUNT FOURTEEN

[18 U.S.C. § 1956(a)(2)(B)(i)]

On or about February 17, 2010, in the Central District of California, defendants JESUS MARQUEZ-MARQUEZ, also known as ("aka") "Don Chuy," aka "Chuchin," JOSE ALFREDO JIMENEZ, aka "Jose Alfred Jimenez," aka "Joselito," and URIEL VALDOVINOS GARCIA, aka "Chente," attempted to transport monetary instruments, that is, approximately $39,800 in United States Currency, from a place in the United States, that is, Los Angeles County, to a place outside the United States, that is, Mexico, knowing that the monetary instruments involved in the transportation represented the proceeds of some form of unlawful activity and knowing that such transportation was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, that is, conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT FIFTEEN

[18 U.S.C. § 922(g)(5)]

On or about April 1, 2010, in Los Angeles County, within the Central District of California, defendant JOSE ASCENCION GARCIA, also known as ("aka") "Jose G. Aispuro," aka "Chon," who, being an alien, was illegally and unlawfully in the United States and did knowingly possess in and affecting interstate and foreign commerce firearms and ammunition, that is, (1) a Heckler & Koch Gmbh, model USP, 9mm, semiautomatic pistol, s/n 24-089463, and (2) an ERMA, model EP-22, 22LR caliber semiautomatic pistol, s/n 75163 and 1 magazine.

COUNT SIXTEEN

[21 U.S.C. § 843(b)]

On or about August 31, 2009, in Riverside County, within the Central District of California, defendant SERGIO BELTRAN SARABIA, also known as "El Senior," knowingly and intentionally used a communication facility, that is, a telephone, in committing and causing and facilitating the commission of a felony drug offense, that is:   conspiracy to distribute methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

34

COUNT SEVENTEEN

[21 U.S.C. § 843(b)]

On or about September 30, 2009, in Orange County, within the Central District of California, defendant JOANELLE MIRASOL DELA CRUZ, also known as "Janelle," knowingly and intentionally used a communication facility, that is, a telephone, in committing and causing and facilitating the commission of a felony drug offense, that is:  conspiracy to distribute methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

1

2

COUNT EIGHTEEN

[21 U.S.C. § 843(b)]

3   On or about November 7, 2009, in Riverside County, within

4 the Central District of California, defendant JOSE ASCENCION

5 GARCIA, also known as ("aka") "Jose G. Aispuro," aka "Chon,"

6 knowingly and intentionally used a communication facility, that

7 is, a telephone, in committing and causing and facilitating the

8 commission of a felony drug offense, that is:  conspiracy to

9 distribute methamphetamine, a Schedule II controlled substance,

10 in violation of Title 21, United States Code, Sections 846 and

11 841(a)(1).

36

COUNT NINETEEN

[21 U.S.C. § 843(b)]

On or about November 7, 2009, in Riverside County, within the Central District of California, defendant MARTIN GARCIA ANGULO, also known as ("aka") "Fernando Garcia," aka "King Midas," knowingly and intentionally used a communication facility, that is, a telephone, in committing and causing and facilitating the commission of a felony drug offense, that is: conspiracy to distribute methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

COUNT TWENTY

[21 U.S.C. § 843(b)]

On or about November 11, 2009, in Riverside County, within the Central District of California, defendant ISAIAS SERRANO, also known as "Chaias," knowingly and intentionally used a communication facility, that is, a telephone, in committing and causing and facilitating the commission of a felony drug offense, that is:  conspiracy to distribute methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

COUNT TWENTY-ONE

[21 U.S.C. § 843(b)]

On or about January 20, 2010, in Riverside County, within the Central District of California, defendant JOSE PACHECO DURAN knowingly and intentionally used a communication facility, that is, a telephone, in committing and causing and facilitating the commission of a felony drug offense, that is:  conspiracy to distribute methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

COUNT TWENTY-TWO

[21 U.S.C. § 843(b)]

On or about January 21, 2010, in Riverside County, within the Central District of California, defendant ERIKA CECILIA VALDOVINO knowingly and intentionally used a communication facility, that is, a telephone, in committing and causing and facilitating the commission of a felony drug offense, that is: conspiracy to distribute methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

A TRUE BILL

/ s /

Foreperson

ANDRÉ BIROTTE JR.
United States Attorney

Daniel S. Goodman, Asst. U.S. Atty.
Deputy Chief, Criminal Division, FOR:

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

TIMOTHY J. SEARIGHT
Assistant United States Attorney
Chief, Organized Crime Drug Enforcement
Task Force

ANGELA L. SANNEMAN
Assistant United States Attorney
Organized Crime Drug Enforcement
Task Force